UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | | |
|---|---|---|
| IN RE HUFFY CORPORATION | : | CONSOLIDATED CASE |
| SECURITIES LITIGATION | : | NO. 3:05-cv-0028 |
| | : | |
| | : | (Judge Walter Herbert Rice) |
| | : | (Magistrate Judge Sharon L. Ovington) |
| | : | |
| | : | |
| | : | **RULE 26(f) REPORT OF PARTIES** |

_____

     1.    Pursuant to Fed. R. Civ. P. 26(f), numerous written and telephonic communications have taken place between the parties between May 2008 and the date of this report to discuss the proposed case schedule and discovery needs as described below. The most recent telephonic conference of the parties was conducted September 22, 2008 and was attended by:

        Dennis J. Herman, Willow E. Radcliffe, S. Ashar Ahmed and Richard S. Wayne, counsel for Plaintiffs

        D. Jeffrey Ireland, Martin A. Foos, and Erin E. Rhinehart, counsel for Defendants

Don Graber, Robert Lafferty, Paul D'Aloia, and Timothy Howard ("Defendants")

     2.    The parties:

___   have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

_X_   will exchange such disclosures by October 8, 2008.

___   are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

     3.    The parties:

___   unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_X_   do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

November 7, 2008.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

June 23, 2009.

6. Recommended discovery plan:

The parties have agreed on the discovery deadlines and case management schedule described in the chart attached hereto as Exhibit A, and further described below. The parties agree that there is not presently enough time remaining for discovery to adequately prepare this case for trial by the earlier established November 30, 2009 trial date. Accordingly, the schedules proposed herein are targeted at the June 28, 2010 backup trial date previously established by the Court. The parties do not believe that a new back up trial date is required to be established at this time.

The parties disagree on the following subjects, as described more fully below:

- The number and length of depositions to be conducted in this matter. ¶6(b).

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

2

<u>PLAINTIFFS' STATEMENT:</u>

Plaintiffs intend to seek discovery on all subjects described in the Complaint, as necessary to prove that Defendants, acting with scienter, made materially false and misleading statements which caused damages to Plaintiffs and other members of the putative class who relied on the market price in purchasing publicly-traded securities of the Huffy Corp. during the Class Period.  Towards this end, Plaintiffs intend to seek documentary evidence from each of the Defendants as well as Huffy and Gen-X and their affiliates, owners and current and former employees, Huffy's auditors, financial advisors, appraisers, and consultants, Huffy's lenders and certain creditors and suppliers, various securities analysts, regulatory agencies,  and other entities.  Plaintiffs also believe they may need to take discovery from certain third parties regarding the bases for certain contentions made by defendants in their Motion to Dismiss as to the causes of Huffy's bankruptcy, and any affirmative defenses raised in Defendants' Answer.  This may include discovery from K-mart, Pacific Cycle, Washington Inventory Services, Home Depot, and Amer PLC, and certain employees or agents of the foregoing entities.

Plaintiffs believe that they will need to obtain documentary evidence from Huffy, Gen-X and KPMG, financial information from defendants, and take some substantive depositions of key employees and consultants involved in the acquisition and subsequent operation of Gen-X in order to evaluate the case for settlement purposes.  Based on counsel's experience in other similar cases of this nature, Plaintiffs believe that the discovery necessary to prepare to defend this case against any motions for summary judgment is substantially the same as the discovery that will be necessary to prepare this case for trial.

3

DEFENDANTS' STATEMENT:

Defendants intend to seek written discovery and depositions regarding all allegations contained in Plaintiffs' Consolidated [Amended] Complaint ("Complaint"), as well as the defenses in Defendants' Answer.  Defendants intend to take the depositions of the named Plaintiffs, the non-party witnesses deposed by Plaintiffs, and perhaps a small number of other non-party witnesses whom Plaintiffs may not depose.  Defendants also intend to depose Plaintiffs' expert witnesses.  To make a settlement evaluation, Defendants need, at a minimum, the Plaintiffs' initial disclosures, depositions of the named Plaintiffs, as well as the completion of Plaintiffs' depositions of the Defendants, a representative of Huffy Corporation ("Huffy"), a representative of the former Gen-X Corporation, and a representative of KPMG, LLP.

      b.      What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

The parties agree that the limitations in Fed. R. Civ. P. 33(a) should be increased to 50 interrogatories per side, and that the limitations in Fed. R. Civ. P. 30(a)(2)(A) should be increased beyond 10 depositions of 7 hours duration for each deposition.  The parties disagree, however, over the extent to which these limits should be increased.

PLAINTIFFS STATEMENT:

Due to the complexity of this action, as well as the number and nature of objections raised in Defendants' motion to dismiss, Plaintiffs will need more than 10 depositions to prepare for trial. At a minimum, Plaintiffs expect to depose: each of the four individual defendants; Huffy Corp.; Gen-X Corp. (or its successor in interest); various current or former officers, directors and employees of Huffy and Gen-X, reasonably expected to be 15-20 in

number; Huffy's former auditor, KPMG, including the audit partner and senior auditors responsible for the periodic audits and quarterly reviews of Huffy's financial statements, as well as other personnel involved in pre-acquisition due diligence of Gen-X; Huffy's financial advisors and consultants, including A.G. Edwards, Lazard Freres & Co., Development Specialists, Inc., and the unnamed appraiser who valued the Gen-X intellectual property assets, as well as responsible employees of those entities; Huffy's banks and lenders, including Congress Financial and Ableco Finance LLP; and various Wall Street analysts who reported on Huffy during the Class Period.  Plaintiffs anticipate they may also need to depose Huffy's bankruptcy trustee, various suppliers and creditors of Huffy (including the Sinosure Group or its members), Huffy's bankruptcy auditor, Marcum & Kliegman, and its partners and senior-level audit personnel; entities that purchased Gen-X assets from Huffy prior to its bankruptcy, and other entities and their employees, including the Pension Benefit Guaranty Corp. and the Sports Industry Credit Association.  In light of the number of potential deponents, plaintiffs anticipate that 45-50 depositions will be required to prepare this case for trial.  Because not all of these depositions will necessarily need to last the full 7 hours, and because most of the depositions will involve third parties, Plaintiffs propose that each side be permitted to elicit 275 hours of deposition testimony (equivalent to approximately 39 full depositions), no more than 10 hours to be spent on any single deposition absent agreement of the deponent or prior approval of the Court.

DEFENDANTS' STATEMENT:

Defendants will agree to 20 depositions.  Defendants object to Plaintiffs' proposal that each side shall be permitted to take up to 275 hours of testimony by deposition, to be calculated on the "chess clock" method -- i.e., each side's allocation is debited by the amount of time they each spend propounding questions and receiving testimony in a deposition, exclusive

5

of breaks. Defendants object to such a substantial increase in the presumptive limits contained in Fed. R. Civ. P. 30(a)(2)(A). The Rules of Civil Procedure require the parties to work with each other in good faith, and this Court's local rules require a high degree of professionalism. Defendants are <u>not</u> going to object to legitimate, reasonable discovery that is necessary to prepare this case for trial, but Plaintiffs' proposal to increase the number of depositions from 10 to nearly 40 is unnecessary. Further, the 275 hours is not a limitation, if Plaintiffs decide, for example, that a witness needs to be deposed for 3-4 days. Defendants are willing to agree to 20 depositions of 7 hours each, but Defendants specifically reserve the right to challenge and object to any depositions above 20 that Plaintiffs propose to take, and to challenge and object to any single deposition that lasts longer than 7 hours in duration.

      c.      Additional recommended limitations on discovery:
             None at this time.

      d.      Recommended date for disclosure of lay witnesses:

The parties intend to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e) on or before October 8, 2008. The parties will disclose lay witnesses as part of the joint pretrial order.

      e.      Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

<u>PLAINTIFFS' STATEMENT</u>

Plaintiffs intend to designate: (i) experts in the fields of economics and finance to testify as to loss causation and damages issues, and (ii) experts in the field of accounting to testify as to the alleged falsity and materiality of statements made during the Class Period. Plaintiffs may also designate one or more industry experts and experts in pre-acquisition due diligence. Until discovery is taken, plaintiffs are unable to definitively identify additional areas,

6

if any, in which expert testimony will be needed. No experts have yet been retained to testify within the meaning of Fed. R. Civ. P. 26(a)(2).

DEFENDANTS' STATEMENT

    Defendants anticipate retaining experts with respect to (i) the business environment faced by Huffy; (ii) accounting (including pre-acquisition due diligence) and/or forensic accounting; and (iii) economics or finance to testify as to loss causation and damages.

    f/g. Recommended dates for making expert designations:

- Plaintiffs' expert designations and reports: October 2, 2009655
- Defendants' expert designations and reports: November 6, 2009
- Plaintiffs' supplemental reports and reply designations: November 25, 2009

    h. The parties have electronically stored information in the following formats:

PLAINTIFFS' STATEMENT

    Plaintiffs have served document preservation subpoenas upon third parties, including Huffy, seeking the preservation of electronically stored information relevant to the claims asserted in this proceeding. Plaintiffs affirmatively state that the vast majority of the discoverable evidence in this case is believed to be in the possession of Defendants and third parties including Huffy, Gen-X, KPMG, and other entities. Plaintiffs have preserved documents reflecting their transactions in Huffy securities during the Class Period in either electronic or paper form.

    Electronic data shall be produced in both native and TIFF format with metadata fields and OCR text files. The parties intend to submit a stipulated proposed protective order to

7

the Court that will set forth detailed procedures with respect to the production format of electronic data in this action. Since much of the discovery in this case will come from non-parties, it is important to incorporate the parties' agreement as to the form in which electronic evidence should be produced into a Court order governing all parties and non-parties who produce documents as part of this action.

DEFENDANTS' STATEMENT

Defendants have preserved hard copy documents and electronic data likely to be responsive to those claims raised in Plaintiffs' Complaint. Most, if not all, of Defendants' documents were left behind at Huffy, a non-defendant, third-party. Document preservation subpoenas have been issued to Huffy Corporation and Mark S. Stickel, bankruptcy trustee for Huffy. At Huffy, Defendants had electronically stored information in the following formats:

    (a)    electronic mail files; and

    (b)    word processing, spreadsheet, presentation, scanned .pdf images, and similar file formats.

Defendants cannot agree to the extensive format and production requirements that Plaintiffs' propose, both as part of this Report and in their proposed Protective Order. Since nearly all of the documents to be produced in this litigation will come from non-parties, including parties located in Canada and China, and the document requests that will be directed to those non-parties have not yet been prepared, Defendants cannot know whether the non-parties have the capabilities or the resources to produce documents according to the Plaintiffs' requested format and production requirements. Production format is best handled separately and individually with each producing party.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

See Plaintiffs' and Defendants' Statements above.

    i.    This case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

Since much of the discovery in this case will come from non-parties, it is important to incorporate the parties' agreements as to inadvertent production and non-waiver of the attorney-client privilege and work product protection into a Court order governing all parties and non-parties who produce documents as part of this action.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

  \_\_\_ No

  \_\_\_ Yes

  _X_ Yes, and the parties ask that the Court include their agreement in an order.

The agreement is that inadvertent production of any document will not be construed to be a waiver so long as a timely assertion of privilege or protection is made within 7 days of discovery of the existence of privileged documents and within 12 months of the date of inadvertent production. A proposed order will be submitted for the Court's approval.

    j.    Recommended discovery cut-off date:
- Recommended fact discovery cutoff: September 23, 2009
- Recommended expert discovery cut-off deadline: January 15, 2010

7.    Recommended dispositive motion deadline: February 15, 2010

    a.    Recommended deadline for response to dispositive motions: March 31, 2010

    b.    Recommended deadline for reply to dispositive motions: April 30, 2010

8. Recommended date for a status conference (if any):

Seven days after an anticipated motion for class certification has been decided.

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

The parties should schedule a mediation after the substantial completion of or close of discovery, or sometime between August and November 2009.

10. Recommended date for a final pretrial conference: May 28, 2010

11. Has a settlement demand been made? A Response?

No.

Date by which a settlement demand can be made: Within 45 days after service of an order certifying a class.

Date by which a response can be made: Thirty days after receiving Plaintiffs' demand.

12. Other matters pertinent to scheduling or management of this litigation:

   a. Answer date: Oct. 7, 2008
   b. Recommended Deadline for initial Rule 26(a) disclosures: October 8, 2008
   c. Recommended deadline for Motions Directed at the Pleadings: November 7, 2008 (30 Days after all Defendants answer)
   d. Recommended deadline for Motion to amend/add parties: June 23, 2009 (90 days prior to close of fact discovery)

    e.    Recommended class certification briefing schedule:

- Motion for Class Certification:

  March 6, 2009

- Memorandum in Opposition to Motion for Class Certification:

  May 8, 2009

- Reply in Support of Motion for Class Certification:

  June 26, 2009

    f.    Recommended deadline for pretrial motions other than dispositive motions: May 21, 2010

    g.    Recommended deadline for Joint Pretrial Order: May 21, 2010

    h.    Recommended deadline for trial exhibits to be exchanged: June 11, 2010

    i.    Recommended deadline for Proposed Jury Instructions and deposition designations: June 18, 2010

    j.    Recommended deadline for counter-designations: June 23, 2010

    k.    Trial date: June 28, 2010

    Respectfully submitted,

    s/ D. Jeffrey Ireland
    D. Jeffrey Ireland (0010443)
     Trial Attorney
    Martin A. Foos (0065762)
    Erin E. Rhinehart (0078298)
    FARUKI IRELAND & COX P.L.L.
    500 Courthouse Plaza, S.W.
    10 North Ludlow Street
    Dayton, OH  45402
    Telephone:  (937) 227-3710
    Telecopier:  (937) 227-3717
    Email:  djireland@ficlaw.com

    Attorneys for Defendants

        s/ Dennis J. Herman
Dennis J. Herman
Willow E. Radcliffe
Aelish M. Baig
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Email:  dennish@csgrr.com

Richard S. Wayne (0022390)
William K. Flynn (0029536)
Thomas P. Glass (00623820)
STRAUSS & TROY
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone:  (513) 621-2120
Telecopier:  (513) 241-8259
Email:  rswayne@strausstroy.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I certify that on the 29th day of September, 2008, I electronically filed the foregoing Rule 26(f) Report of Parties with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have served the Rule 26(f) Report of Parties upon the non-CM/ECF participants as indicated below:

  Richard S. Wayne      (VIA CM/ECF AND ELECTRONIC MAIL)
  William K. Flynn
  Thomas P. Glass
  STRAUSS & TROY
  150 East Fourth Street
  Cincinnati, OH  45202-4018

  Dennis J. Herman     (VIA CM/ECF AND ELECTRONIC MAIL)
  Aelish M. Baig
  Willow E. Radcliffe
  COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
  100 Pine Street, 26th Floor
  San Francisco, CA  94111

  Samuel H. Rudman     (VIA ELECTRONIC MAIL)
  David A. Rosenfeld
  Mario Alba, Jr.
  COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
  200 Broadhollow Road, suite 406
  Melville, NY  11747

  Marc A. Topaz      (VIA ELECTRONIC MAIL)
  Richard A. Maniskas
  Tamara Skvirsky
  SCHIFFRIN & BARROWAY, LLP
  280 King of Prussia Road
  Radnor, PA  19087

Fred Taylor Isquith    (VIA ELECTRONIC MAIL)
Christopher S. Hinton
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016

Marc S. Henzel    (VIA ELECTRONIC MAIL)
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA  19004

Brian M. Felgoise    (VIA ELECTRONIC MAIL)
LAW OFFICES OF BRIAN M. FELGOISE
261 Old York Road, Suite 423
Jenkinstown, PA  19046

Jack Landskroner    (VIA CM/ECF)
Landskroner Grieco Madden, Ltd.
1360 West 9th Street Suite 200
Cleveland, OH  44113

Andrew M. Schatz    (VIA U.S. MAIL)
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

James E. Arnold    (VIA CM/ECF)
CLARK PERDUE ARNOLD & SCOTT
471 East Broad Street, Suite 1400
Columbus, OH  43215

Jules Brody    (VIA ELECTRONIC MAIL)
Aaron Brody
Tzivia Brody
STULL< STULL & BRODY
6 East 45th Street
New York, NY  10017

Joseph H. Weiss                             (VIA ELECTRONIC MAIL)
WEISS & LURIE
551 Fifth Avenue
New York, NY  10176

Attorneys for Plaintiffs

                                        s/  Martin A. Foos
                                        Martin A. Foos

198024.4