UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| In re HUFFY CORPORATION SECURITIES LITIGATION | ) ) ) | Lead Case No. 3:05cv0028 |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | Judge Walter Herbert Rice Magistrate Judge Sharon L. Ovington |
| ALL ACTIONS. | ) ) | |

ORDER PRELIMINARILY APPROVING THE STIPULATION OF
SETTLEMENT AGREEMENT AND RELEASE, AND PROVIDING FOR NOTICE

EXHIBIT A

ROBBINS GELLER RUDMAN
 & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
S. ASHAR AHMED
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
Facsimile: 415/288-4534
Email: dennish@rgrdlaw.com
   – and –
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
Facsimile: 619/231-7423
Email: elleng@rgrdlaw.com

Lead Counsel for Plaintiffs

FARUKI IRELAND & COX P.L.L.
D. JEFFREY IRELAND (0010443)
MARTIN A. FOOS (0065762)
ERIN E. RHINEHART (0078298)
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: 937/227-3710
Facsimile: 937/227-3717
Email: djireland@ficlaw.com

Attorneys for Defendants

[Caption continued on following page.]

STRAUSS & TROY
RICHARD S. WAYNE (0022390)
WILLIAM K. FLYNN (0029536)
THOMAS P. GLASS (00623820)
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Telephone: 513/621-2120
Facsimile: 513/241-8259
Email: rswayne@strausstroy.com

Liaison Counsel

WHEREAS, a consolidated class action is pending in the Court captioned *In re Huffy Corporation Securities Litigation*, Lead Case No. 3:05cv0028 (the "Litigation");

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the Settlement of this Action, in accordance with a Stipulation of Settlement Agreement and Release dated May 12, 2010 (the "Stipulation"), which, together with the Exhibits attached to the Stipulation, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Defendants upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the Exhibits to the Stipulation; and

WHEREAS, all defined terms contained in this Order shall have the same meanings as set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Class solely for purposes of the Settlement; and

NOW THEREFORE, IT IS ORDERED:

1. The Court preliminarily approves the Stipulation and the Settlement set forth in the Stipulation, including the releases contained in the Stipulation, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 8, 2010, at 9:00 a.m., in Room 909 of the United States District Court for the Southern District of Ohio, Western Division (Dayton), Federal Building, 200 West Second Street, Dayton, Ohio 45402, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and should be approved by the Court; whether an Order and Final Judgment, substantially in the form of Exhibit B to the

- 1 -

Stipulation, should be entered; whether the proposed Plan of Allocation should be approved; and to

determine the amount of fees and expenses that should be awarded to Lead Plaintiffs and Plaintiffs'

Counsel. The Court may adjourn the Settlement Hearing without further notice to members of the

Class.

       3.      The Court certifies the following Class for settlement purposes only:

> All persons and entities who purchased Huffy's publicly-traded securities between
> April 16, 2002 and August 13, 2004, inclusive. Excluded from the Class are: (1)
> Huffy and its subsidiaries, divisions, successors, assigns, and creditors, including
> secured and unsecured creditors in Huffy's bankruptcy; (2) all Defendants in the
> Litigation; (3) all current and former officers and directors of Huffy; (4) all current
> and former officers and directors of Gen-X; (5) all Gen-X officers, directors, and
> employees who were granted Huffy stock or stock options as a result of the
> acquisition of Gen-X by Huffy on or about September 19, 2002; (6) all pre-
> acquisition Huffy or Gen-X shareholders in which any former Huffy or Gen-X
> officer or director employed prior to, or contemporaneous with, the acquisition, or
> who was otherwise involved in any way with the acquisition, has or had a controlling
> interest;[1] (7) all immediate family members of any Defendant, former officer,
> director or employee, or other person or entity mentioned above; (8) all legal
> representatives, heirs, successors, or assigns of any Person excluded from the Class;
> and (9) all entities in which any Defendant or excluded Person has or had a
> controlling interest or of which he, she or it is a beneficiary. Also excluded from the
> Class are any putative Class Members who timely and validly exclude themselves
> from the Class in accordance with the requirements set forth in the Notice.

       4.      With respect to the Class, and solely for the purposes of the Settlement, this Court

finds that, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3): (a) the members of the

Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of

law and fact common to members of the Class which predominate over any individual question; (c)

the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their

counsel have fairly and adequately represented and protected the interests of the respective members

---

[1]     Including, but not limited to, DMJ Financial, Inc., K & J Financial, Inc., DLS Financial, Inc.,
Kenneth Finkelstein Family Trust, James Salter Family Trust, The Forzani Group Ltd., Osgoode
Financial, Inc., Collective Brands, Inc., and Hilco Consumer Capital Corp.

of the Class; (e) questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Any certification of a preliminary settlement class pursuant to the terms of the Stipulation shall not constitute, does not constitute, and shall not be considered or used as an admission, concession or declaration by or against Defendants that (except for purposes of the Settlement) this Litigation, or any other action, is appropriate for class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule.

6. The Court approves, as to form and content, the Notice, Proof of Claim, and Summary Notice attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-9 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled to notice.

7. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶8 of this Order.

508435_2

8. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

 (a) Within three (3) days of this Order, if they have not already done so, Defendants, through their counsel, shall, provide to Plaintiffs' Counsel all information reasonably obtainable relating to Huffy's transfer records concerning the identity of Class Members and their transactions. Defendants and their counsel do not guarantee, nor are they required to guarantee, the accuracy of any information reasonably obtained relating to Huffy's transfer records;

 (b) Not later than ten (10) days from the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms attached to the Stipulation as Exhibits A-1 and A-2, respectively, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

 (c) Not later than ten (10) days from the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*, the *Dayton Daily News*, and over the *Business Wire* or *PR Newswire*; and

 (d) Not later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing of the Notice and Summary Notice.

9. Nominees who purchased Huffy publicly-traded securities for the benefit of another Person during the period between April 16, 2002 and August 13, 2004, inclusive, shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of Huffy publicly-traded securities within ten (10) days after receipt of the Notice and Proof of Claim, or shall send a list of the name(s) and address(es) of such beneficial owners to the Claims Administrator within ten (10)

508435_2

days of receipt of the Notice and Proof of Claim, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

10. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

11. All members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for in the Stipulation, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

12. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained in the Proof of Claim. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

13. Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

- 5 -

14.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Class Member has appeared in the Litigation.

15.     Any member of the Class may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered substantially in the form attached to the Stipulation as Exhibit B, why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Lead Plaintiffs or Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered approving the Settlement, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiffs and Plaintiffs' Counsel, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Class are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and D. Jeffrey Ireland, Faruki Ireland & Cox P.L.L., 500 Courthouse Plaza, S.W., 10 North Ludlow Street, Dayton, OH 45402, and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of Ohio, Western Division (Dayton), Federal Building, 200 West Second Street, Dayton, OH 45402, no later than thirty (30) days prior to the date of the Settlement Hearing. Any member of the Class who does not make his, her or its

- 6 -

508435_2

objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Plaintiffs or Plaintiffs' Counsel, unless otherwise ordered by the Court.

16.     Upon the Effective Date, the Lead Plaintiffs and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether Lead Plaintiffs or any Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund or the Net Settlement Fund, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons.

17.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All motions and papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application shall be filed and served no later than twenty-one (21) days prior to the Settlement Hearing. All reply memoranda relating to the Settlement, the Plan of Allocation, and the

- 7 -

Fee and Expense Application shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

20.     All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay the reasonable and actual costs of class notice and administration.

21.     If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be vacated *nunc pro tunc*, and the provisions of ¶11 of the Stipulation shall apply.

22.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:  June 4, 2008         Walter Herbert Rice

UNITED STATES DISTRICT JUDGE