UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| IN RE HUFFY CORPORATION SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | Lead Case No. 3:05cv0028<br><br>CLASS ACTION<br><br>Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington<br><br>- ORAL ARGUMENT REQUESTED - |
| This Document Relates To:<br><br>ALL ACTIONS. | | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

ROBBINS GELLER RUDMAN
 & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
S. ASHAR AHMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
 – and –
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

STRAUSS & TROY
RICHARD S. WAYNE (0022390)
WILLIAM K. FLYNN (0029536)
THOMAS P. GLASS (00623820)
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Telephone: 513/621-2120
513/241-8259 (fax)

Liaison Counsel

580665_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving the Stipulation of Settlement Agreement and Release, and Providing for Notice ("Order") dated June 4, 2010, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement Agreement and Release dated May 12, 2010 (the "Stipulation"). Due and adequate notice having been given to the Class as required by the Order, and the Court having considered all papers filed and proceedings had, relating to the Settlement, and otherwise being fully informed regarding the Settlement, and for good cause shown, IT IS ORDERED that:

1. This Judgment incorporates by reference the definitions of all capitalized terms as provided in the Stipulation, unless otherwise set forth in this Judgment. Any inconsistency between the Stipulation and notice provided for by this Judgment is controlled by the language of the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. The Court recognizes and acknowledges the Settling Parties' intent to fully, finally, and forever release, relinquish, and discharge all Released Claims against the Released Persons for a total consideration of Eight Million Dollars ($8,000,000).

4. With respect to the Class, and for the sole purpose of the Settlement, the Court finds and concludes that, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3): (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to members of the Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the respective members of the Class; (e) questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate

actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Therefore, for the sole purpose of settling and resolving the Litigation, the Court certifies this Litigation as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and defines the Class as follows:

> All persons and entities who purchased Huffy's publicly-traded securities between April 16, 2002 and August 13, 2004, inclusive. Excluded from the Class are: (1) Huffy and its subsidiaries, divisions, successors, assigns, and creditors, including secured and unsecured creditors in Huffy's bankruptcy; (2) all Defendants in the Litigation; (3) all current and former officers and directors of Huffy; (4) all current and former officers and directors of Gen-X; (5) all Gen-X officers, directors, and employees who were granted Huffy stock or stock options as a result of the acquisition of Gen-X by Huffy on or about September 19, 2002; (6) all pre-acquisition Huffy or Gen-X shareholders in which any former Huffy or Gen-X officer or director employed prior to, or contemporaneous with, the acquisition, or who was otherwise involved in any way with the acquisition, has or had a controlling interest;[1] (7) all immediate family members of any Defendant, former officer, director or employee, or other person or entity mentioned above; (8) all legal representatives, heirs, successors, or assigns of any Person excluded from the Class; and (9) all entities in which any Defendant or excluded Person has or had a controlling interest or of which he, she or it is a beneficiary. Also excluded from the Class are any putative Class Members who timely and validly excluded themselves from the Class in accordance with the requirements set forth in the Notice.

6. Pursuant to Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process requirements, this Court finds and concludes that Lead Plaintiffs and Lead Counsel are fair and adequate representatives of the interests of the Class.

7. Pursuant to Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process requirements, this Court approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Private Securities

---

[1] Including, but not limited to, DMJ Financial, Inc., K & J Financial, Inc., DLS Financial, Inc., Kenneth Finkelstein Family Trust, James Salter Family Trust, The Forzani Group Ltd., Osgoode Financial, Inc., Collective Brands, Inc., and Hilco Consumer Capital Corp.

Litigation Reform Act of 1995, and due process requirements, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are finally approved in all respects, and the Settling Parties are directed to perform its terms.

9. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions of this Judgment. The Court dismisses, with prejudice and on the merits, the Litigation.

10. Upon the Effective Date, Lead Plaintiffs and the Class Members, on behalf of themselves and their attorneys, agents, beneficiaries, servants, representatives, employees, heirs, executors, administrators, trustees, successors, predecessors and assigns, and any Person claiming (now or in the future) by, through or on behalf of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, and shall have covenanted not to sue any such Released Person with respect to any such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claims against any Released Person. Nothing in this paragraph shall release the Released Claims against the Released Persons of any Person who submitted a timely, signed request for exclusion from the Class and who did not submit a timely, signed request to revoke the prior request for exclusion and are identified on Exhibit 1 attached to this Judgment ("Opt-Out Plaintiffs").

11. Upon the Effective Date, the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of the Lead Plaintiffs, Plaintiffs' Counsel, any other counsel for any other plaintiff or plaintiffs in the Litigation, and/or any or all members of the Class and their counsel from all claims (including Unknown Claims) arising out of or in any way relating to the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except to enforce the terms and conditions contained in the Stipulation. Nothing in this paragraph shall release the claims identified in this paragraph against those plaintiffs identified as Opt-Out Plaintiffs in Exhibit 1, which is attached to this Judgment.

- 3 -

580665_1

12. The Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice, given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. The notice provided the best notice practicable under the circumstances of those proceedings, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and the notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process.

13. The Court finds and concludes that a full opportunity has been offered to the Class to: (a) object to the Settlement; (b) participate in the Settlement Hearing; and (c) request to be excluded from the Class.

14. Any Plan of Allocation submitted by Lead Counsel, or any order entered regarding Lead Counsel's Fee and Expense Application or Lead Plaintiffs' reimbursement expense shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. Neither the Stipulation nor the Settlement contained in the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Released Person; (b) is or shall be deemed, or shall be used or shall be offered or received in evidence, as an admission of any purported liability, fault, wrongdoing, misrepresentation or omission of any Released Person; (c) is or shall be deemed, or shall be used or shall be offered or received in evidence, as an admission of any purported liability, fault, wrongdoing, misrepresentation or omission in any statement, document, report or financial statement that has been or will be issued, filed, approved or made by any Released Person or otherwise referred to for any reason other than for the purpose of or in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; (d) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Released Person, in this or any other court, administrative agency, arbitration forum, or other tribunal (including, but not limited to, the United States Securities and Exchange Commission and the United

States Department of Justice). Any Released Person may file the Stipulation and the Judgment from this Litigation in any other action in which he, she or it is a party or that may be brought against him, her or it in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or similar defense or counterclaim; (e) shall be construed or received in evidence as a concession or as an admission that any Lead Plaintiff, or any Class Member, has suffered any damage; or (f) shall be construed or received in evidence as a concession or as an admission that the Settlement Consideration represents the amount that could be or would have been recovered after trial.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned; (b) disposition of the Settlement Fund; (c) hearing and determining the Fee and Expense Application in this Litigation; (d) hearing and determining the Lead Plaintiffs' reimbursement in this Litigation; and (e) all Parties for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel, at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion of the Settlement Fund, is returned to the Contributing Insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection with this Judgment shall be null and void to the extent provided by and in accordance with the Stipulation. Further, this Litigation shall, for all purposes with respect to the Parties, revert to its status as of January 12, 2010, and the Court's order certifying the Class shall be rescinded. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19. This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability on the part of any Released Person.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 20, 2010         UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

RECEIVED TS
AUG 0 6 2010
CLAIMS CENTER



# Exclusion Cover Page

Case Name: Huffy Corporation

Case Code: HUFFY

Exclusion Deadline: 9/8/2010

Name of Person Filing Exclusion: Robert Garcia

Date: 30 July, 2010

To: Huffy Securities Litigation Claims Administrator

I hereby give you Notice of Request to be excluded from the Class.

I purchased 400 shares of HUF stock on 28 June, 2004. I did not sell any of those shares. They were dissolved by bankruptcy.

Robert Garcia



RECEIVED
AUG 06 2010
CLAIMS CENTER

Huffy Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

Mr. Rob Garcia

HUFFY